IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHILLIP A PARKER, | |
| Plaintiff, | |
| vs. | CIVIL ACTION NO. _____ |
| HELIX ENERGY SOLUTIONS GROUP, INC., | |
| Defendant. | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Plaintiff PHILLIP A. PARKER ("Parker"), by and through his attorney, Christopher Tramonte and for his Complaint against HELIX ENERGY SOLUTIONS GROUP, INC. ("Helix") hereby states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*. ("ADA"), Section 504 of the Rehabilitation Act of 1973, as amended and at 29 U.S.C. §794 (the "Rehabilitation Act").

2. Plaintiff further brings this action under the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621 *et seq*. ("ADEA").

3. This Court has jurisdiction pursuant to the following statutes:

   a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

   b. 28 U.S.C. §1343 (3) and (4), which gives district courts jurisdiction over actions to secure civil rights extended by the United States government.

4. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because Defendant Helix is located in this district.

## PARTIES

5. Plaintiff Parker is a citizen of the United States and resides in the State of Texas.

6. Defendant Helix is the company that employed Parker during all times relevant to the facts presented in this complaint. Helix is an "employer" as defined in 42 U.S.C. §12111 *et seq*.

## GENERAL ALLEGATIONS

7. Parker complains that Helix discriminated against him because of his age in violation of the Age Discrimination in Employment Act 29 U.S.C. §§ 621 - 631(a)("ADEA"), by terminating his employment based on his age with no valid reason other than his age.

8. After eight years of service, no disciplinary action, multiple commendations, and three retention bonuses, Parker was discharged without any impute or knowledge by his immediate Supervisor/Manager or the vessel's Offshore Installation Manager (OIM). In what is unlikely to be coincidence, his discharge from the petrochemical industry came during a downturn in the petrochemical market.

9. Prior to his discharge, Parker was subjected to no less than five doctor examinations and a two-day agility test demanded by his employer for a sore shoulder that resolved itself and was recorded by the employer as "non work related." On the day after the last examination, Parker was discharged. After his discharge, Parker asked his employer no less than four times for some explanation as to why he was discharged. As of the date of the filing of this complaint, these requests by Parker have been met with nothing but silence.

8. In the alternative, Parker complains that Helix terminated his employment based on a perceived physical disability in violation of Titles I and V of the Americans with Disabilities Act, as Amended. *See* 42 U.S.C. 42 §§ 12601, *et seq*. ("ADA").

## COUNT I

### VIOLATION OF 29 U.S.C. §§ 621 - 631(a)("ADEA")

9. Plaintiff incorporates and restates each of the above paragraphs as if set forth herein.

10. Helix has deprived Plaintiff Parker of his federal constitutional and/or statutory rights by terminating him based solely on his age. At the time of his termination, Plaintiff was fifty-five (55) years of age. Parker has no history of disciplinary action and does have a history of performance based bonuses and commendation in his eight (8) year employment history with Heilx.

## COUNT II

### VIOLATION OF 42 U.S.C. 42 §§ 12601, et seq. ("ADA")

11. Plaintiff incorporates and restates each of the above paragraphs as if set forth herein.

12. Helix has deprived Plaintiff Parker of his federal constitutional and/or statutory rights by terminating him based solely on his perceived disability without making reasonable accommodation for him. Parker was subjected to extensive medical testing, at expense and inconvenience to himself after a minor non-work related injury. Contrast this to 2014, when the petrochemical industry

was in a boom phase, and Parker broke his ankle on the vessel (MODU Q4000). With a broken ankle, in 2014, Parker was subjected to a fraction of the employer-required medical review that a 2015 non-work related sprain seemed to require when the price of oil had dropped.

## JURY DEMAND

13. Plaintiff demands a trial by jury in this matter.

WHEREFORE, Plaintiff requests that this Court enter judgment against Helix providing the following relief:

    a. Compensatory damages, exclusive of costs and interest, that Plaintiff is found to be entitled;

    b. Punitive/exemplary damages against Helix in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

    c. An order enjoining/restraining Helix from further acts of discrimination or retaliation;

    d. An award of interest, cost, and reasonable attorney's fees;

    e. Such other and further relief as the Court deems appropriate.

Respectfully submitted,

tramonte&associates

/s/ Christopher Tramonte
Christopher Tramonte
SBOT No. 20184500
SDTX I.D. No. 10941
2211 Norfolk Street, Suite 420
Houston, Texas 77098
ctramonte@tramontelaw.com
713.529.0600
713.529.0614 [fax]

ATTORNEY-IN-CHARGE FOR PLAINTIFF